IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                    No. CR 20-1486 KG

STETSON SHANE BARNES,
DONALD ALFRED BUSCH, and
TYSON LEE TERRELL,

      Defendants.

ORDER

Defendant Donald Busch gave a recorded statement to police officers after his arrest.

Whether and to what extent that statement may be admissible at trial, in light of Defendant

Busch's indication that he will exercise his Fifth Amendment right to remain silent, first came

before the Court in Defendant Stetson Shane Barnes' Motion to Sever (Doc. 85). Among other

issues, Defendant Barnes argued that introduction of Defendant Busch's statement, assuming

Defendant Busch does not testify, would violate Defendant Barnes' Sixth Amendment right to

confront the witnesses against him. *Id.*; *see also Bruton v. United States*, 391 U.S. 123 (1968).

The United States submitted a proposed redacted version of Defendant Busch's statement which

the United States intended to cure any *Bruton* issues. (Doc. 108). The Court denied Defendant

Barnes' Motion to Sever by Memorandum Opinion and Order on August 2, 2021. (Doc. 170).

The United States intends to offer a redacted version of Defendant Busch's statement

along with a linked transcript, though not the redacted version previously filed with the Court.

(Doc. 227 (United States' Second Amended Exhibit List), Exs. 607 and 608). Defendant Barnes'

objected to Exhibits 607 and 608 on the basis that introduction of Defendant Busch's statement

would violate Defendant Barnes' confrontation rights. (Doc. 214). Insofar as the Court

construes Defendant Barnes' objection as a motion to reconsider its determination in its

Memorandum Opinion and Order (Doc. 170) that the proposed redacted statement cured any

*Bruton* issues, his motion is granted.

Having reviewed the proposed redacted statement, Defendant Barnes' objections, and the

law regarding *Bruton* and the Sixth Amendment right to confrontation, the Court concludes that

the proposed redacted statement does not cure the confrontation clause issues or the prejudice to

Defendants Barnes and Terrell.  To the extent Defendant Barnes' objection can be construed as a

request to exclude the entire proposed redacted statement, the objection is sustained.  However,

the Court will allow introduction of a more carefully redacted statement, as explained herein, and

in that way, the objection is overruled.

The Supreme Court held in *Richardson v. Marsh* that a redacted version of a non-

testifying defendant's statement could be admitted at trial if the redaction removed all references

to the co-defendants, the statement was not "incriminating on its face," and a limiting instruction

is given.  481 U.S. 200, 208 (1987).  The Court later clarified in *Gray v. Maryland* that replacing

a co-defendant's name with "deleted" or "omitted" would not suffice.  523 U.S. 185, 189 (1998).

Despite the United States' good faith efforts, the Court nevertheless concludes that the

United States' proposed redactions run afoul of *Gray* in that they simply mute out the names of

some co-defendants.  While utilizing neutral pronouns and phrases may be sufficient to cure

*Bruton* issues in some cases, on close examination, the proposed redactions tendered by the

United States are insufficient to cure the *Bruton* issues in this case.  *United States v. Verduzco-*

*Martinez*, 186 F.3d 1208, 1214 (10th Cir. 1999).  The Court determines that the tendered

statement would be unfairly prejudicial to Defendants Barnes and Terrell under Federal Rule of

Evidence 403, and that the risk of unfair prejudice substantially outweighs the undeniable

2

probative value of the statement.  Moreover, having considered the tendered redacted transcript under Rule 403, the Court concludes that these redactions would result in jury confusion and any effort to clarify would risk running afoul of *Bruton*.

Accordingly, the Court has reviewed and revised the statement for redaction consistent with the Sixth Amendment, *Bruton*, and *Gray*.  The revised statement will be filed separately, under seal, and will be unsealed at the time of trial.

To the extent the United States seeks to introduce Defendant Busch's statement at trial, it may do so using the redacted statement filed contemporaneously herewith.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE