IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  No. CR 20-1486 KG

STETSON SHANE BARNES,
DONALD ALFRED BUSCH, and
TYSON LEE TERRELL,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Stetson Shane Barnes' Motion *in Limine* Regarding Admissibility of Prior Criminal Convictions (Motion) and his stipulation to his status as a felon pursuant to *Old Chief v. United States*, 519 U.S. 172 (1997), filed October 22, 2021. (Doc. 234). The United States timely filed its Response on October 27, 2021. (Doc. 245). Having considered the parties' briefing and the applicable law, the Court grants in part Defendant's Motion *in Limine*.

Defendant Barnes is charged, among other things, with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). In his Motion, he admits, pursuant to *Old Chief*, that he is a convicted felon and that knew he had a prior felony conviction. (Doc. 234) at 2. He also stipulates to five prior felony convictions.[1] This stipulation satisfies the prior felony conviction element for the § 922(g) charge.

An *Old Chief* stipulation limits the United States' ability to reference the specific name or nature of the defendant's prior convictions in its case-in-chief, at least insofar as the prior

---

[1] The United States contends that Defendant Barnes has seven prior convictions, rather than five.

convictions are offered to prove the element of prior felony convictions.  519 U.S. at 186-87. *Old Chief* explicitly allows the United States to seek admission of prior convictions, even where a defendant stipulates to legal status, "if, indeed, there were a justification for receiving evidence of the nature of prior acts on some issue other than status."  519 U.S. at 190.

Such is the case here: citing Federal Rule of Evidence 609, the United States seeks to offer Defendant Barnes' prior felony convictions for another person: impeaching his credibility should be testify at trial.  (Doc. 245).  Defendant Barnes' felony convictions are for larceny, conspiracy to commit larceny, unlawful taking of a motor vehicle (two convictions), tampering with evidence, attempt to commit a felony forgery, and robbery.

Rule 609 provides, in relevant part[2]:

> (a) In General.  The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> …
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement.

Rule 609 indicates that the protection of an *Old Chief* stipulation recedes when a defendant chooses to testify at trial.  When a defendant elects to testify, "the prosecution may introduce evidence of the defendant's past felony conviction[s] to attach his character for truthfulness 'if the court determines that the probative value of admitting this evidence

---

[2] Defendant Barnes' criminal convictions all occurred within the last ten (10) years, and thus do not implicate Rule 609(b); he has not been pardoned, therefore Rule 609(c) does not apply; and none of his convictions were juvenile adjudications, therefore Rule 609(d) does not apply; finally, Rule 609(e) does not apply because none of his convictions are pending appeal.

outweighs its prejudicial effect to the accused.'" *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (quoting Fed. R. Evid. 609(a)(1)).

The parties agree that if Defendant Barnes testifies and if any of his prior convictions are admissible on cross-examination, "only the prior conviction, its general nature, and punishment of felony range [are] fair game for testing the defendant's credibility." *United States v. Commanche*, 577 F.3d 1261, 1271 (10th Cir. 2009) (quoting *United States v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996)); *see also* (Doc. 234) at 5; (Doc. 245) at 3 (agreeing with Defendant Barnes on scope of impeachment under Rule 609).

Defendant Barnes' conviction for Attempt to Commit a Felony, to wit, Forgery, constitutes a crime of dishonesty or false statement, as contemplated by Rule 609, and is admissible for impeachment if he testifies. Under New Mexico law, "Forgery consists of: (1) falsely making or altering any signature to, or any part of, any writing purporting to have any legal efficacy with intent to injure or defraud; or (2) knowingly issuing or transferring a forged writing with intent to injure or defraud." NMSA 1978, § 30-16-10(A) (2011). As such, Rule 609(a)(2) requires that the United States be allowed to cross-examine Defendant Barnes on the general nature of the conviction, including the name of the crime, and punishment in the felony range. To that extent, the Court denies Defendant Barnes' motion.

The remaining convictions must be analyzed under the "special balancing test" of Rule 609(a)(1). *Smalls*, 752 F.3d at 1240. The "'special balancing test' is used because 'the defendant faces a unique risk of prejudice—*i.e.*, the danger that convictions that would be excluded under [Rule 404] will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes.'" *Id.* at 1240 (alteration in original) (quoting Fed. R. Evid. 609, advisory committee's notes (1990 Amendments)).

Courts use five factors when considering prior convictions under Rule 609(a)(1): "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial." *Id.*

Applying the special balancing test, the Court determines that Defendant Barnes' prior convictions for larceny, conspiracy to commit larceny, unlawful taking of a motor vehicle, and robbery are sufficiently similar to the charged offenses that a jury could convict Defendant Barnes on the basis of propensity reasoning. Each of these crimes involves an element of taking property from another person, often a motor vehicle. This similarity and the attendant risk of conviction based on propensity render the convictions too prejudicial to Defendant Barnes under Rule 609(a)(1)(B), that is, the probative value does not outweigh the prejudice to Defendant Barnes. Accordingly, the United States may not ask about or otherwise elicit testimony regarding the names of these crimes or the essential facts of conviction. To that extent, the Court grants Defendant Barnes' Motion.

The United States, as the proponent of the evidence, makes no argument as to why the tampering with evidence conviction should be admitted for impeachment purposes under Rule 609(a)(1) or Rule 609(a)(2). As such, the Court evaluates the conviction under Rule 609(a)(1) and determines that the conviction is not so similar to the charged offenses as to risk conviction based on propensity evidence. Furthermore, the Court notes that Defendant Barnes will claim self-defense, putting his credibility at the center of his defense. Therefore, the Court will allow the United States to cross-examine Defendant Barnes regarding the tampering with evidence conviction, subject to the limitations outlined above.

The Court notes that its analysis under Rule 609(a)(1) remains subject to the way evidence unfolds at trial. Put another way, Defendant Barnes could open the door to admission of the robbery, larceny, conspiracy to commit larceny, and unlawful taking of a motor vehicle convictions for impeachment purposes. The United States will approach the bench to seek reconsideration of this ruling prior to asking any questions about these convictions.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE